The Honorable Robert Bryan

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| HUNG DANG, M.D., | NO. 3:21-cv-05544-RJB |
| Plaintiff, | STATE DEFENDANTS' ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND EMPLOYMENT DISCRIMINATION WITH AFFIRMATIVE DEFENSES |
| v. | |
| KIMBERLY MOORE, M.D., et al., | |
| Defendants. | JURY DEMAND |

COME NOW Defendants Mark Johnson, William M. Brueggemann, Rick J. Glein, Roman S. Dixon, Jr., Debra L. Defreyn, Christina Pfluger, and Tim Slavin ("State Defendants,") by and through counsel, and, by way of Answer to Plaintiff's Complaint for Violation of Civil Rights and Employment Discrimination ("Complaint,") admit, deny, and allege as follows:

## I.    PARTIES

Section I of the Complaint purports to identify the parties to this lawsuit. It makes no factual allegations for which the State Defendants need answer.

## II.    NATURE OF THE CASE

1.    Paragraph 1 of the Complaint makes no factual allegations for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny paragraph 1 of the Complaint and put Plaintiff to his proof.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

1

2.    Paragraph 2 of the Complaint makes no factual allegations for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny paragraph 2 of the Complaint and put Plaintiff to his proof.

3.    The State Defendants deny paragraph 3 of the Complaint to the extent it makes allegations against them. To the extent paragraph 3 of the Complaint makes allegations against the Private Defendants, the State Defendants need make no answer therefor. To the extent any further answer is required, the State Defendants deny paragraph 3 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters set forth therein.

## III.    JURISDICTION AND VENUE

4.    Paragraph 4 of the Complaint alleges legal conclusions, not factual averments, for which the State Defendants need make no answer.

5.    Paragraph 5 of the Complaint alleges legal conclusions, not factual averments, for which the State Defendants need make no answer.

## IV.    STATEMENT OF THE CASE

6.    The State Defendants deny paragraph 6 of the Complaint to the extent it makes allegations against them. To the extent paragraph 6 of the Complaint makes allegations against the Private Defendants, the State Defendants need make no answer therefor. To the extent any further answer is required, the State Defendants deny paragraph 6 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters set forth therein.

7.    The State Defendants admit so much of paragraph 7 of the Complaint as alleges Plaintiff was licensed to practice medicine in Washington State in August 2008, specialized in otolaryngology, was employed by Group Health Cooperative during the events that led to his involvement with the Washington Medical Commission, and had no professional disciplinary history prior to his involvement with the Washington Medical Commission. Except to the extent

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

expressly herein, the State Defendants deny paragraph 7 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

8.  Paragraph 8 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 8 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

9.  Paragraph 9 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 9 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

10. Paragraph 10 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 10 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

11. Paragraph 11 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 11 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

12. Paragraph 12 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 12 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

13. Paragraph 13 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 13 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

14.     Paragraph 14 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 14 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

15.     Paragraph 15 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 15 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

16.     Paragraph 16 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 16 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

17.     Paragraph 17 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 17 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

18.     Paragraph 18 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 18 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

19.     Paragraph 19 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 19 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

20.     Paragraph 20 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

deny paragraph 20 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

21.    Paragraph 21 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 21 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

22.    Paragraph 22 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 22 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

23.    Paragraph 23 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 23 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

24.    Paragraph 24 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 24 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

25.    Paragraph 25 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 25 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

26.    Paragraph 26 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 26 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

27.    Paragraph 27 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 27 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

28.    Paragraph 28 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 28 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

29.    Paragraph 29 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 29 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

30.    Paragraph 30 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 30 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

31.    Paragraph 31 of the Complaint, and subparagraphs a. through d. thereunder, make no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants admit so much of paragraph 31 of the Complaint, and subparagraphs a. through d. thereunder, as are established by the Findings of Fact in the Washington Medical Commission's Final Order and Amended Final Order and deny paragraph 31 of the Complaint, and subparagraphs a. through d. thereunder, in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

32.    Paragraph 32 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

deny paragraph 32 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

33.     Paragraph 33 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants admit so much of paragraph 33 of the Complaint as alleges Private Defendant Clark signed a June 16, 2014, letter to the CMS Division of Survey and Certification notifying of a potential EMTALA violation and identified Private Defendant Moore as a courtesy copy recipient of the letter and deny paragraph 33 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

34.     Paragraph 34 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 34 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

35.     Paragraph 35 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 35 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

36.     Paragraph 36 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 36 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

37.     Paragraph 37 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 37 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

38.      Paragraph 38 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 38 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

39.      Paragraph 39 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 39 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

40.      Paragraph 40 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 40 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

41.      Paragraph 41 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 41 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

42.      Paragraph 42 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 42 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

43.      Paragraph 43 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 43 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

44.      Paragraph 44 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

deny paragraph 44 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

45.    Paragraph 45 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 45 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

46.    Paragraph 46 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 46 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

47.    Paragraph 47 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 47 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

48.    Paragraph 48 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 48 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

49.    Paragraph 49 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 49 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

50.    Paragraph 50 of the Complaint alleges legal conclusions, not factual averments, for which the State Defendants need not answer. To the extent any further answer is required, the State Defendants admit so much of paragraph 50 of the Complaint as accurately summarizes

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    federal law and court decisions interpreting federal law and deny paragraph 50 of the Complaint

2    in all other respects.

3        51.    The State Defendants admit so much of paragraph 51 of the Complaint as alleges

4    the Washington State Medical Quality Assurance Commission ("MQAC"), now called the

5    Washington Medical Commission ("WMC") received a copy of Defendant Clark's letter to the

6    CMS Division of Survey and Certification and opened an investigation of the allegations therein

7    and deny paragraph 51 of the Complaint in all other respects.

8        52.    By way of answer to paragraph 52 of the Complaint, the State Defendants admit

9    that Defendant Timothy H. Slavin is a retired employee of the State of Washington who worked

10   as an investigator for MQAC, that Defendant Slavin contacted Dr. Clark to get further

11   information about her letter to the CMS Division of Survey and Certification, including the

12   identity of the provider referenced therein. Except to the extent expressly admitted herein, the

13   State Defendants deny paragraph 52 of the Complaint.

14       53.    By way of answer to paragraph 53 of the Complaint, the State Defendants admit

15   Defendant Clark provided additional information to Defendant Slavin in July 2014 and deny

16   paragraph 53 of the Complaint in all other respects.

17       54.    The State Defendants deny paragraph 54 of the Complaint to the extent it makes

18   allegations against them. To the extent paragraph 54 of the Complaint makes allegations against

19   the Private Defendants, the State Defendants deny it for lack of information sufficient to verify

20   the truth and veracity of the matters alleged.

21       55.    By way of answer to paragraph 55 of the Complaint, the State Defendants admit

22   Defendant Slavin sent Plaintiff three (3) letters:  July 28, 2014, advising of the complaint and

23   preliminary investigation and providing the information set forth in R.C.W. 18.130.095(2)(a);

24   August 11, 2014, requesting a factual statement regarding Plaintiff's refusal to accept or treat a

25   patient; and August 25, 2014, reiterating the request made in the August 11 letter. Except to the

26   extent expressly admitted herein, the State Defendants deny paragraph 55 of the Complaint.

56.    By way of answer to paragraph 56 of the Complaint, the State Defendants admit Plaintiff faxed a letter to Defendant Slavin on September 2, 2014 in which he denied breaking any rules or laws. Except to the extent expressly admitted herein, the State Defendants deny paragraph 56 of the Complaint.

57.    By way of answer to paragraph 57 of the Complaint, the State Defendants admit that Defendant Brueggemann is a physician, is board certified in emergency medicine, is a former commissioner of the WMC, and was the Reviewing Commission Member ("RCM") assigned to the case involving Plaintiff. Except to the extent expressly admitted herein, the State Defendants deny paragraph 57 of the Complaint.

58.    By way of answer to paragraph 58 of the Complaint, the State Defendants admit that on October 3, 2014, a panel of the WMC authorized expanding the investigation of allegations against Plaintiff and that on November 6, 2014, a panel of the WMC authorized issuance of a Statement of Allegations and a Stipulation to Informal Disposition to Plaintiff. Except to the extent expressly admitted herein, the State Defendants deny paragraph 58 of the Complaint.

59.    The State Defendants deny the first sentence of paragraph 59 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged. The State Defendants deny the second sentence of paragraph 59 of the Complaint and specifically deny having engaged in unreasonable prosecution, unwelcome harassment, and intentional discrimination of the basis of race or any other protected characteristic.

60.    The State Defendants admit so much of paragraph 60 of the Complaint as alleges a panel of the WMC authorized issuance of a Statement of Allegations and a Stipulation to Informal Disposition to Plaintiff on November 6, 2014, and the Statement of Allegations and Stipulation to Informal Disposition were signed on May 1, 2015 and deny paragraph 60 of the Complaint in all other respects.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

61.    Paragraph 61 of the Complaint alleges legal conclusions, not factual averments, for which the State Defendants need not answer. To the extent any further answer is required, the State Defendants deny paragraph 61, putting Plaintiff to his proof.

62.    The State Defendants deny paragraph 62 of the Complaint to the extent it makes allegations against the State Defendants and deny it in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

63.    The State Defendants admit paragraph 63 of the Complaint to the extent it accurately paraphrases and quotes the exchange of emails between Plaintiff's attorney and Defendant Glein but deny paragraph 63 in all other respects, including its omission of Plaintiff's failure to respond to repeated requests for a written response prior to a settlement conference as required by R.C.W. 18.130.098.

64.    The State Defendants admit paragraph 64 of the Complaint.

65.    The State Defendants admit paragraph 65 of the Complaint to the extent it alleges Plaintiff's attorney served an Answer to Corrected Statement of Charges that was dated June 15, 2016, and requested an adjudicative proceeding and deny it in all other respects.

66.    The State Defendants admit the first sentence of paragraph 66 of the Complaint. The second sentence of paragraph 66 of the Complaint alleges a legal conclusion, not factual averments, for which the State Defendants need not answer. The State Defendants admit the third sentence of paragraph 66 of the Complaint.

67.    The State Defendants admit paragraph 67 of the Complaint to the extent it alleges a settlement conference occurred and to the extent it accurately summarizes the content of the exchanges during the settlement conference and deny paragraph 67 of the Complaint in all other respects.

68.    The State Defendants admit paragraph 67 of the Complaint to the extent it alleges the Washington Medical Commission offered to resolve its concerns about Plaintiff's physician conduct via proposed stipulated findings of fact, conclusions of law, and proposed order after

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

the settlement conference, which proposed settlement was rejected by Plaintiff. The remainder of paragraph 68 of the Complaint alleges legal conclusions, not factual averments, for which the State Defendants need not answer. To the extent any further answer is required, the State Defendants deny paragraph 68 of the Complaint.

69.     By way of answer to paragraph 69 of the Complaint, the State Defendants admit MQAC's report to the National Practitioner Data Bank and the "Clerk's Summary" of the Final Order speak for themselves and deny paragraph 69 of the Complaint in all other respects.

70.     The State Defendants deny paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint alleges legal conclusions, not factual averments, for which the State Defendants need not answer. To the extent any further answer is required, the State Defendants deny the last two sentences of paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint makes no factual allegations for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny paragraph 72 of the Complaint.

73.     The State Defendants deny paragraph 73 of the Complaint.

74.     The State Defendants admit paragraph 74 of the Complaint.

75.     The State Defendants deny paragraph 75 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged and expressly deny paragraph 75 of the Complaint to the extent it alleges the State Defendants engaged in a "concerted effort," had a "'meeting of the minds,'" had a "common objective of retaliation," or in any other way violated Plaintiff's civil rights.

76.     By way of answer to paragraph 76 of the Complaint, the State Defendants admit Defendant Dixon was the Chief Health Law Judge presiding over Plaintiff's hearing and made many evidentiary rulings in his capacity as a quasi-judicial officer and deny paragraph 76 of the Complaint in all other respects.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

13

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

77.     The State Defendants admit paragraph 77 of the Complaint to the extent it accurate quotes Defendant Dixon and deny it in all other respects.

78.     By way of answer to paragraph 78 of the Complaint, the State Defendants admit Defendant Dixon entered Post Hearing Order No. 1 on May 2, 2017, extending the deadline for the final order to May 26, 2017; that the Findings of Fact, Conclusions of Law, and Final Order were entered by the panel of the Washington Medical Commission on Friday, September 29, 2017; and that the Washington Department of Health's Adjudicative Service Unit served the Final Order on Monday, October 2, 2017. Except to the extent expressly admitted herein, the State Defendants deny paragraph 78 of the Complaint.

79.     The State Defendants admit paragraph 79 of the Complaint to the extent it alleges the Findings of Fact, Conclusions of Law, and Final Order were entered by the panel of the Washington Medical Commission on Friday, September 29, 2017, and that the Washington Department of Health's Adjudicative Service Unit served the Final Order on Monday, October 2, 2017, and deny paragraph 79 of the Complaint in all other respects.

80.     The State Defendants admit so much of paragraph 80 of the Complaint, and subparagraphs a. through h. thereunder, as accurately quote or paraphrase the Findings of Fact, Conclusions or Law, and Final Order entered by the Washington Medical Commission on September 29, 2017, and deny paragraph 80 of the Complaint, and subparagraphs a. through h. thereunder, in all other respects.

81.     The State Defendants deny paragraph 81 of the Complaint.

82.     The State Defendants admit paragraph 82 of the Complaint to the extent it accurately quotes footnote 23 of the Final Order entered on September 29, 2017,, and deny paragraph 82 of the Complaint in all other respects.

83.     The State Defendants admit paragraph 83 of the Complaint to the extent it accurately quotes footnote 28 of the Final Order entered on September 29, 2017, and deny paragraph 83 of the Complaint in all other respects.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

14

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    84.    The State Defendants deny paragraph 84 of the Complaint.

2    85.    The State Defendants admit paragraph 85 of the Complaint to the extent it

3  accurately quotes Conclusion of Law 2.8 of the Final Order entered on September 29, 2017, and

4  deny paragraph 85 of the Complaint in all other respects.

5    86.    The State Defendants deny paragraph 86 of the Complaint.

6    87.    The State Defendants admit the first sentence of paragraph 87 of the Complaint.

7  The second sentence of paragraph 87 of the Complaint alleges legal conclusions, not factual

8  averments, for which the State Defendants need not answer.

9    88.    The State Defendants admit paragraph 88 of the Complaint to the extent it alleges

10  Plaintiff filed a Petition for Judicial Review with the King County Superior Court, cause no. 17-

11  2-28129-8 KNT, on October 30, 2017, and deny paragraph 88 of the Complaint in all other

12  respects.

13    89.    The State Defendants admit so much of paragraph 89 of the Complaint as alleges

14  Defendants Dixon entered Post Hearing Order No. 2, establishing a briefing schedule on the

15  WMC's petition for reconsideration, on November 1, 2017, and deny paragraph 89 of the

16  Complaint in all other respects.

17    90.    The State Defendants admit paragraph 90 of the Complaint to the extent it

18  accurately quotes footnote 2 of the Washington Medical Commission's Amended Final Order

19  entered on December 20, 2017, and deny paragraph 90 of the Complaint in all other respects.

20    91.    By way of answer to paragraph 91 of the Complaint, the State Defendants admit

21  the Washington Department of Health's Adjudicative Services Unit served the WMC's

22  Amended Final Order of December 20, 2017, on December 21, 2017. Except to the extent

23  expressly admitted herein, the State Defendants deny paragraph 91 of the Complaint.

24    92.    Paragraph 92 of the Complaint makes no factual averments for which the State

25  Defendants need answer. To the extent any further answer is required, the State Defendants deny

26

paragraph 92 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

93.     Paragraph 93 of the Complaint makes no factual averments for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny paragraph 93 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

94.     The State Defendants admit paragraph 94 of the Complaint to the extent it alleges the King County Superior Court considered Plaintiff's Petition for Judicial Review on June 29, 2018, and accurately quotes the King County Superior Court's Order on Petition for Judicial Review of August 9, 2018, and deny paragraph 94 of the Complaint in all other respects.

95.     The State Defendants admit paragraph 95 of the Complaint.

96.     The State Defendants admit paragraph 96 of the Complaint to the extent it alleges Defendants Defreyn and Pfluger acted as attorneys representing the Washington Medical Commission before the King County Superior Court and the Washington Court of Appeals, Division I, during those court's considerations of Plaintiff's challenges to the actions of the Washington Medical Commission in his case. Except to the extent expressly admitted herein, the State Defendants deny paragraph 96 of the Complaint.

97.     The State Defendants admit paragraph 97 of the Complaint.

98.     By way of answer to paragraph 98 of the Complaint, the State Defendants admit Defendants Defreyn and Pfluger advocated on behalf of the WMC before the Court of Appeals, including addressing challenges to the WMC's Amended Final Order, which the Court of Appeals affirmed. Except to the extent expressly admitted herein, the State Defendants deny paragraph 98 of the Complaint, including specifically denying Defendant Johnson served as a commissioner with the WMC after the expiration of his term in 2017.

99.     The State Defendants admit paragraph 99 of the Complaint.

100.    The State Defendants admit paragraph 100 of the Complaint.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

101. The State Defendants deny paragraph 101 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged, and expressly denying the State Defendants are personally involved in the WMC's compliance activity related to Plaintiff.

## V.    INJURIES[1]

102. Paragraph 96 of the Complaint makes no factual averments for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny paragraph 96 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

103. The State Defendants deny paragraph 97 of the Complaint.

104. The State Defendants deny paragraph 98 of the Complaint.

105. The State Defendants deny paragraph 99 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged and specifically deny the State Defendants have any role in reporting information to the NPDB.

106. The State Defendants deny paragraph 100 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged and specifically deny the State Defendants have any role in reporting information to the NPDB.

107. The State Defendants deny paragraph 101 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

## VI.    CAUSES OF ACTION

108. By way of answer to paragraph 102 of the Complaint, the State Defendants incorporate by this reference, as though fully set forth herein, their answers to paragraphs 1 through 101 of the Complaint as set forth in paragraphs 1 through 107 above.

---

[1] Plaintiff's Complaint appears to have recurring scrivener's errors in that it numbers paragraphs following 101, beginning with a repeat of "96." The State Defendants will refer to the paragraph numbers used in the Complaint.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

17

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

FIRST CAUSE OF ACTION -- VIOLATION OF 42 U.S.C. §1983

109.    The State Defendants deny paragraph 103 of the Complaint.

110.    To the extent paragraph 104 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 104 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

111.    To the extent paragraph 105 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 105 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

112.    To the extent paragraph 106 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 106 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

113.    Paragraph 107 of the Complaint makes no factual averments for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny paragraph 107 of the Complaint as alleged against the State Defendants and deny paragraph 107 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

114.    The State Defendants deny paragraph 108 of the Complaint.

115.    The State Defendants deny paragraph 109 of the Complaint.

116.    The State Defendants deny paragraph 110 of the Complaint.

117.    The State Defendants deny paragraph 111 of the Complaint.

SECOND CAUSE OF ACTION -- VIOLATION OF 42 U.S.C. §1981

118.    Paragraph 112 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

18

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

Defendants deny paragraph 112 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

119.    Paragraph 113 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 113 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

120.    Paragraph 114 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 114 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

121.    Paragraph 115 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 115 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

122.    Paragraph 116 of the Complaint makes no allegations against the State Defendants for which they need answer. To the extent any further answer is required, the State Defendants deny paragraph 116 of the Complaint for lack of information sufficient to establish the truth and veracity of the matters alleged.

THIRD CAUSE OF ACTION -- VIOLATION OF 42 U.S.C. §1985(3)

123.    To the extent paragraph 117 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 117 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

124.    To the extent paragraph 118 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 118 of

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

19

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged.

125.    To the extent paragraph 119 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 119 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged

126.    To the extent paragraph 120 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 120 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged

## FOURTH CAUSE OF ACTION -- VIOLATION OF WASHINGTON STATE CONSTITUTION, CIVIL RIGHTS ACT RCW 49.60.030, ADMINISTRATIVE PROCEDURE ACT RCW 34.05, AND CONSUMER PROTECTION ACT RCW 19.86

127.    To the extent paragraph 121 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 1216 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged

128.    To the extent paragraph 122 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 122 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged

129.    To the extent paragraph 123 of the Complaint makes allegations against the State Defendants, the State Defendants deny the same. The State Defendants deny paragraph 123 of the Complaint in all other respects for lack of information sufficient to establish the truth and veracity of the matters alleged

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

20

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

## VII.    PRAYER FOR RELIEF

Section VII of Plaintiff's Complaint, and the paragraphs and subparagraphs thereunder, make no factual averments for which the State Defendants need answer. To the extent any further answer is required, the State Defendants deny section VII of Plaintiff's Complaint and the paragraphs and subparagraphs thereunder, putting Plaintiff to his proof.

## AFFIRMATIVE DEFENSES

NOW, THEREFORE, having fully answered the allegations of the Complaint, and by way of further Answer, the State Defendants allege the following Affirmative Defenses:

A.    Defendant Johnson is not currently a commissioner of the Washington Medical Commission and, as such, Plaintiff's claims against Defendant Johnson, in his official capacity, fail to state claims for which the Court can grant relief.

B.    Plaintiff's failure to satisfy the requirements of *Ex parte Young* deprives the court of personal jurisdiction for purposes of imposing injunctive relief against a Washington Medical Commission member in their official capacity in accordance with the Eleventh Amendment.

C.    The *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction to entertain Plaintiff's challenges to the Amended Final Order of the Washington Medical Commission that have already been reviewed and rejected by the courts of Washington State and the U.S. Supreme Court.

D.    Plaintiff has failed to state a claim of conspiracy against any of the State Defendants given a failure to identify personal involvement by any of the State Defendants and failure to allege facts related to a conspiracy.

E.    Defendants Johnson and Dixon enjoy absolute quasi-judicial immunity.

F.    Defendants Brueggemann, Glein, Defreyn, and Pfluger enjoy absolute quasi-prosecutorial immunity.

G.    All of the State Defendants enjoy qualified immunity.

H.    Plaintiff's claims are barred by collateral estoppel.

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

21

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    I.    Plaintiff's claims are barred by *res judicata*.

2    J.    Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985 are barred by the

3    applicable three-year statute of limitations.

4    K.    Plaintiff has failed to state a claim for damages for alleged violations of the

5    Washington Constitution.

6    L.    Plaintiff has failed to state a claim for damages for alleged violations of the

7    Washington Administrative Procedures Act.

8    M.    Plaintiff has failed to state a claim for damages for alleged violations of the

9    Washington Consumer Protection Act.

10    N.    Plaintiff's prayers for injunctive relief fail to identify prospective conduct that

11    will address on-going constitutional rights violations.

12    O.    The State Defendants' alleged actions and omissions were reasonable under the

13    circumstances and do not support liability under Washington or federal law.

14    P.    Plaintiff has failed to state a claim for prevailing attorneys' fees in this action as

15    Plaintiff is currently pro se.

16    **JURY DEMAND**

17    The State Defendants demand trial by jury of all issues triable of right by jury.

18    **PRAYER FOR RELIEF**

19    WHEREFORE, having fully answered the allegations of the Complaint, having alleged

20    Affirmative Defenses, and having demanded trial by jury, the State Defendants pray for the

21    following relief:

22    1.    That Plaintiff's Complaint, to the extent alleged against the State Defendants, be

23    dismissed, in its entirety, with prejudice, and that Plaintiff takes nothing thereby;

24    2.    For an award of attorneys' fees and costs to the fullest extent allowed by law or

25    in equity; and

26

STATE DEFENDANTS' ANSWER AND                    22              ATTORNEY GENERAL OF WASHINGTON
AFFIRMATIVE DEFENSES                                                            Torts Division
(C21-5544-RJB)                                                        800 Fifth Avenue, Suite 2000
                                                                      Seattle, WA 98104-3188
                                                                           (206) 464-7352

1

     3.     For such other and further relief as the Court deems just and equitable.

2

DATED this 27th day of October, 2021.

3

              ROBERT W. FERGUSON
Attorney General

4

5

              s/ *Scott M. Barbara*

6

             SCOTT M. BARBARA, WSBA No. 20885
Assistant Attorney General - Torts Division

7

800 Fifth Ave, Ste 2000
Seattle, WA 98104

8

Tel.:     206-389-2033
Fax:    206-587-4229

9

Email:   scott.barbara@atg.wa.gov
Attorneys for State Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
(C21-5544-RJB)

23

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1
## CERTIFICATE OF SERVICE

2         I certify that I caused a copy of the foregoing to be served on the following persons in

3   the manner indicated on this 27th day of October, 2021.

4

5

| **Party** | **Method of Service** | |
|---|---|---|
| Hung Dang<br>27222 10th Ave S<br>Des Moines, WA 98198<br>hdang72@gmail.com<br>hungdang007@gmail.com<br>*Plaintiff Pro-Se* | ☐ US Mail Postage Prepaid<br>☐ Certified Mail Postage Prepaid<br>☐ State Campus Mail<br>☐ ABC/Legal Messenger<br>☐ UPS Next Day Air<br>☐ By Fax<br>☐ Hand delivered by: | ☐ Email<br>☒ CM/ECF |
| Donald L. Samuels, WSBA 56214<br>Polsinelli PC<br>1000 Second Avenue, Suite 3500<br>Seattle WA 98104<br>DSamuels@Polsinelli.com<br>EGaskins@Polsinelli.com<br>jditullio@polsinelli.com<br>mwashington@polsinelli.com<br>vlehan@polsinelli.com<br>*Attorneys for Defendants Moore, Clark,*<br>*Adams, Patel* | ☐ US Mail Postage Prepaid<br>☐ Certified Mail Postage Prepaid<br>☐ State Campus Mail<br>☐ ABC/Legal Messenger<br>☐ UPS Next Day Air<br>☐ By Fax<br>☐ Hand delivered by: | ☐ Email<br>☒ CM/ECF |

17

18             s/ *Scott M. Barbara*
              SCOTT M. BARBARA, WSBA No. 20885
19            Assistant Attorney General
              Attorney for State Defendants

20

21

22

23

24

25

26