UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNG DANG, M.D., <br><br>                     Plaintiff, <br><br>     v. <br><br> KIMBERLY MOORE, M.D., *et al.*, <br><br>                     Defendants. | CASE NO. 3:21-cv-05544-RJB <br><br> ORDER GRANTING PRIVATE DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Kimberly Moore, M.D., Mark Adams, M.D., Ketul Patel, and Ann Clark's Motion to Dismiss. Dkt. 16. In addition to the Motion to Dismiss, these defendants ("Private Defendants") request that the Court take judicial notice of certain documents. Dkt. 18. Plaintiff *pro se*, Hung Dang, opposes both Private Defendants' Motion to Dismiss and Request for Judicial Notice (Dkt. 27), and he moves in surreply to strike certain materials from Private Defendants' reply (Dkt. 32). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff raises seven causes of action in his Complaint. More specifically, he alleges that Private Defendants: (1) conspired with state officials to deprive him of rights secured by the

ORDER GRANTING PRIVATE DEFENDANTS' MOTION TO DISMISS - 1

First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983; (2) racially discriminated against and harassed him in violation of 42 U.S.C. § 1981; (3) conspired to deprive him of constitutional rights in violation of 42 U.S.C. § 1985(3); (4) violated the Washington State Constitution; (5) violated the Washington Law Against Discrimination ("WLAD"), RCW 49.60.030; (6) violated the Administrative Procedure Act ("APA"), RCW 34.05; and (7) violated the Consumer Protection Act ("CPA"), RCW 19.86. Dkt. 1 at 38–44.

For the reasons set forth in this order, the Court will take judicial notice of the documents proposed by Private Defendants, Plaintiff's Motion to Strike should be denied, and Private Defendants' Motion to Dismiss should be granted as to all claims.

### I.   FACTS AND PROCEDURAL HISTORY

**A. FACTS**

Plaintiff, Hung Dang, M.D., is a medical doctor who specializes in Otolaryngology (Ear, Nose, and Throat or "ENT"). Dkt. 16. He was born and raised in Vietnam and is of Vietnamese descent. Dkt. 1. Plaintiff's Complaint is lengthy, but his allegations against Private Defendants are essentially that they, individually and as part of a conspiracy with state actors, discriminated against him during his employment with Group Health Permanente ("GHP") and as part of a disciplinary action against him. *Id*. He claims that their discrimination caused his constructive discharge and other injuries. *Id.*

Plaintiff worked for GHP from 2008 until he resigned in on August 1, 2017. *Id*. GHP provided hospital services to members of Group Health Cooperative and Defendant Franciscan Health Services ("FHS"). *Id*. As a condition of his employment, GHP required that Plaintiff maintain medical staff privileges at St. Joseph Medical Center ("SJMC"), which is one of several

FHS hospitals. *Id*. His employment agreement only required that he take emergency ENT calls for patients at the SJMC Emergency Department, not those from other FHS hospitals. *Id*.

Central to Plaintiff's Complaint is the apparently increasing demand, especially after 2011, that he and other GHP doctors respond to patients from FHS hospitals other than those where they maintained staffing privileges. *Id*. On June 8, 2014, Plaintiff slipped and fell, which aggravated existing injuries and caused him debilitating pain. *Id*. at 13. As a result, he took one tablet of prescribed pain medication and ibuprofen. *Id*. That same day, he received a call from a physician assistant at St. Clare Hospital, an FHS hospital, to evaluate a stable patient with a tonsillar abscess. *Id*. Plaintiff responded that he was not on call at St. Clare, he was not required to be, and he would not evaluate that patient. *Id*. The physician assistant offered to transfer the patient to SJMC, where he was on call, but Plaintiff declined because he was unable to care for the patient due to his injuries. *Id*. The physician assistant apparently transferred the patient, "Patient C," to SJMC nonetheless, and Defendant Kimberly Moore, M.D., a physician at SJMC, accepted Patient C for transfer. *Id*. at 14. Plaintiff informed Moore that he was unable to care for Patient C but that she, a board-certified physician, could drain the abscess herself. *Id*. Moore transferred Patient C to a different hospital, where Patient C was successfully treated. *Id*.

After the incident on June 8, Defendant Ann Clark, the Risk Manager for SJMC, and Dr. Moore reported Plaintiff's refusal to treat Patient C as a potential violation of the Emergency Medical Treatment & Labor Act ("EMTLA") to the Centers for Medicare & Medicaid Services ("CMS"). *Id*. at 15; Dkt. 16. CMS investigated and found that SJMC, not Plaintiff, potentially violated the EMTLA. Dkt. 1 at 16. The report against Plaintiff was then forwarded to the Washington State Medical Quality Assurance Commission ("MQAC"). MQAC investigated and

ORDER GRANTING PRIVATE DEFENDANTS' MOTION TO DISMISS - 3

found four additional incidents in which Plaintiff apparently declined to treat patients from FHS hospitals other than SJMC. *Id.* at 22.

In 2017, MQAC conducted an administrative hearing and found that Plaintiff's refusal to treat certain patients, including Patient C, likely violated state and federal law. *Id.* at 31–32. On September 29, 2017, the MQAC ordered that Plaintiff's medical license be subject to two years of oversight and that he "be monitored for good behavior, pay a $5,000 fine, appear before the Commission, take an ethics course, write a research paper, and satisfy other conditions." *Id.* Plaintiff received notice of that order on October 2, 2017, and he appealed it to the King County Superior Court on October 30, 2017. *Id.* at 35. The state court found that MQAC made an error in calculating the dates at which Plaintiff's oversight should begin and end. *Id.* 35–36. Plaintiff then petitioned for review before the Washington State Court of Appeals and raised various statutory and constitutional claims. *Id.* at 36–37; Dkts. 18-1 and 18-2.

On May 31, 2016, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), and he resigned from GHP on August 1, 2017. Dkt. 1 at 19.

**B. PENDING MOTIONS AND ORGANIZATION OF OPINION**

The Court will first discuss Private Defendants' Request for Judicial Notice, then Plaintiff's Motion to Strike, and finally Private Defendants' Motion to Dismiss.

The discussion on the Motion to Dismiss will first consider the relevant statutes of limitation, which bar Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and his Washington State Constitutional and WLAD claims. Next, it will discuss collateral estoppel (issue preclusion), which bars his APA claim, followed by immunity, which bars his CPA claim. Finally, it will consider his 42 U.S.C. § 1981 claim, which fails to state a claim for which relief can be granted.

## II.  DISCUSSION

**A.  REQUEST FOR JUDICIAL NOTICE**

Private Defendants request that the Court take judicial notice of the following documents:

1. *Dang v. Jud. Rev. Agency Action of Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, Petition for Judicial Review, Case No. 17-2-28129-8 KNT (filed October 30, 2017).

2. *Dang v. Jud. Rev. Agency Action of Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, 9 Wash. App. 2d 1101 (Wash. Ct. App. Aug. 19, 2019).

3. *Dang v. Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, 195 Wash. 2d 1004 (S. Ct. Wash. 2020) (denying review).

4. *Dang v. Wash. State Dep't Health, Med. Quality Assurance Comm'n*, Case No. 78910-4-I, Supreme Court Mandate (issued March 20, 2020).

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b).

Plaintiff concedes that these documents may be judicially noticed, with the caveat that "just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Dkts. 27 and 28 at 5 (quoting *Khoja v. Orexigen Therapudics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)). The Court agrees and takes judicial notice of these documents, which are matters of public record and are from sources whose accuracy is not in dispute.[1]

---

[1] In surreply, Plaintiff also contests judicial notice of five documents filed by a defendant that is not party to this motion and that are not relevant to this motion. The Court notes that judicial notice of those documents will be decided along with consideration of that party's motion to dismiss.

ORDER GRANTING PRIVATE DEFENDANTS' MOTION TO DISMISS - 5

### B. PLAINTIFF'S MOTION TO STRIKE

In surreply, Plaintiff argues that Private Defendants violated Local Civil Rule 10(e)(1), which requires that text be in 12-point font and double spaced except for quotations and footnotes, and that they erred by citing an unpublished decision. Dkt. 32 at 2. Plaintiff moves to strike these materials and associated legal arguments. *Id.*

At issue appears to be sections from Private Defendants' reply brief in which they single-spaced a section reciting the issues presented in the motion, a timeline of key facts, and headings more than one-line long. *See* Dkt. 30.

Plaintiff's motion to strike should be denied because technical adherence to LCR 10(e)(1) would impede rather than enhance the search for justice. Furthermore, Plaintiff should be advised that, even though he is proceeding *pro se*, he is still bound by the same rules that govern other litigants, including the Rules of Professionalism, and that he should avoid bringing unnecessary motions. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); LCR 11; LCR 83.1(d)(2).

### C. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted, and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–

55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  This rule is especially true for dismissal of a claim brought by a *pro se* plaintiff, and "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

### D.  STATUTES OF LIMITATION

Private Defendants move to dismiss Plaintiff's claims based on their statutes of limitation.  Their motion should be granted as to his § 1983, § 1985(3), Washington State constitutional, and WLAD claims because they each a three-year statute of limitation but not as to his § 1981 or CPA claims because they both carry a four-year statute of limitation.

Plaintiff brings a mix of state and federal claims, but both the state and federal standards consider the same basic three questions to determine whether a claim is timely: (1) the length of the applicable limitation period; (2) the accrual date of the claim; and (3) whether other factors tolled the limitations period.  *See Wilson v. Hays*, 228 F. Supp. 3d 1100, 1107 (S.D. Cal. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003)); *see also Douchette v. Bethel Sch. Dist.*, 117 Wn.2d 805, 809–10 (1991).

The accrual date is the date at which the claim period begins to run. *See Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Under both federal and state law, a claim accrues when the plaintiff knew or had reason to know "of the injury which is the basis of the action." *Id.* (internal citation omitted). On accrual, the statute of limitation clock starts ticking, and the plaintiff must file a claim before it expires or the plaintiff loses the right to sue. *See id.* The only exception is if the limitation period has been tolled. Tolling, which is a question of state law, permits a court to allow a claim to proceed despite expiration of the statute of limitation period for various statutory or common law reasons. *Price v. Gonzalez*, 4 Wn. App. 2d 67, 75 (2018).

    **1. Statutes of Limitation bar 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), Washington State Constitutional, and WLAD Claims**

Plaintiff's federal claims brought pursuant to § 1983 and § 1985(3) each carry a three-year statute of limitation, *see Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991); Wash. Rev. Code § 4.16.080(2), as do his Washington State constitutional and WLAD claims, *Antonius v. King Cnty.*, 153 Wn. 2d 256, 261–62 (2004).

These claims arise out of the same basic allegations: that Private Defendants discriminated against Plaintiff at work and through their participation in his MQAC administrative action. Dkt. 1 at 38–44. At the absolute latest, Plaintiff's claims accrued when he received his MQAC Final Order on October 2, 2017. At that point he had left his job due to the alleged harassment and knew of the MQAC findings against him. The limitation periods expired three years later, on October 2, 2020, but Plaintiff did not commence this lawsuit until July 29, 2021. These claims, therefore, are time-barred.

ORDER GRANTING PRIVATE DEFENDANTS' MOTION TO DISMISS - 8

Plaintiff argues that the doctrine of equitable tolling applies and permits his claims to proceed even if they are time-barred. Dkt. 27 at 15–16. Equitable tolling is a narrow doctrine that permits a claim to proceed "only where justice requires and certain predicates are met." *In re Carter*, 172 Wn.2d 917, 928–29 (2011) (en banc). These predicates include a showing of "bad faith, deception, or false assurances" that reasonably justified the delay and diligence by the plaintiff. *Id.*

It is clear from the Complaint that Plaintiff has been raising these issues for some time, including in meetings with hospital administration, with the EEOC, during the MQAC process, and in state court. *See* Dkts. 18-1 and 18-2; *Dang v. Jud. Rev. Agency Action of Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, 9 Wn. App. 2d 1101 (2019). To advocate for equitable tolling, Plaintiff argues that Private Defendants participated in a "malicious perversion" of justice and "abuse of process," but he does not explain why he could not have filed suit at an earlier date. Despite his knowledge of the issues and of potential avenues for recovery under the law, he did not file this lawsuit until after expiration of the limitation period and does not offer an explanation to excuse his delay. Equitable tolling does not apply under these circumstances.

Therefore, Plaintiff's § 1983, § 1985(3), Washington State constitutional, and WLAD claims are each barred by a three-year statute of limitation. Because amendment cannot cure this deficiency, these claims should be dismissed with prejudice.

**2. 42 U.S.C. § 1981 and CPA Claims Are Not Time-Barred**

Plaintiff's CPA claim carries a statutory four-year limitation period. RCW 19.86.120. The statute of limitation for his § 1981 claim, which protects the right "to make and enforce contracts," does not have such a simple answer. Instead, it depends on whether the claim derives from harassment that occurs during and impedes the formation of a contract or whether the claim derives from later harassment that interferes with the enforcement of that contract. *See Jones v.*

*R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 373 (2004). Harassment that impedes the formation of a contract carries a three-year limitation period, while later harassment carries a four-year limitation period. *Id.* Because Plaintiff alleges Private Defendants interfered with his employment contract after its formation, his § 1981 claim carries the four-year statute of limitation established by 28 U.S.C. § 1658. *See id.*

The factual basis for Plaintiff's CPA claim is vague, but it appears to derive from Private Defendants' participation in the MQAC proceeding against him. *See* Dkts. 1 and 27. Therefore, his CPA claim accrued October 2, 2017, which is the date he received the MQAC Final Order and learned of the central injury at issue. Plaintiff filed his Complaint on July 29, 2021, before expiration of the four-year statute of limitation on October 2, 2021.

Plaintiff discusses his § 1981 claim with more specificity. He claims that Private Defendants created a hostile work environment, in part through their participation in the MQAC process, and caused his constructive discharge. As Plaintiff correctly recognizes, a claim based on constructive discharge accrues when the employee resigns, which for him was August 1, 2017. *Green v. Brennan*, 578 U.S. 547, 561–62 (2016). Therefore, the statute of limitation for his § 1981 claim did not expire until August 1, 2021, and it had not expired when Plaintiff filed his Complaint.

Therefore, the statutes of limitation do not bar either Plaintiff's CPA claim or his § 1981 claim.

**E.  COLLATERAL ESTOPPEL BARS PLAINTIFF'S APA CLAIM**

Private Defendants argue that collateral estoppel bars all of Plaintiff's claims. Dkt. 16 at 13. Of Plaintiff's three remaining claims, collateral estoppel only bars his APA claim, brought pursuant to RCW 34.05, because he completely litigated that issue in a previous state court

action.

Collateral estoppel, also known as issue preclusion, bars re-litigation of an issue of fact or law previously settled by a prior adjudication. *Resolution Trust Corp. v. Keating*, 786 F.3d at 1110, 1114 (9th Cir. 1999).  It applies when: (1) the issue is the same; (2) the issue was actually litigated and determined by a valid and final judgment; and (3) the determination is essential to that judgment. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002).  It is not necessary that the party raising collateral estoppel was a party in the prior litigation, known as "nonmutual" collateral estoppel, or that the cause of action be identical. *United States v. Mendoza*, 464 U.S. 154, 158 (1984).  It is, however, essential that the party against whom collateral estoppel is asserted, the party allegedly precluded from re-litigating an issue, has had "'a full and fair opportunity' to litigate that issue." *Amadeo*, 290 F.3d at 1159.

In Plaintiff's petition for judicial review before the Washington State Court of Appeals, he argued that his MQAC adjudication violated the APA, RCW 34.05. Dkts. 18-1 and 18-2.  Though the defendants were not identical, Plaintiff made substantively the same arguments before the state court as he raises here, meaning that he sought to overturn the MQAC Final Order on the grounds that it violated the APA.  Dkt. 18-2; *Dang*, 9 Wn. App. 2d 1101.  The state court specifically considered and specifically rejected his argument on the merits.  Collateral estoppel, therefore, bars Plaintiff from re-litigating his APA claim.

Unlike Plaintiff's APA claim, he did not raise either a CPA claim or a § 1981 claim before the state court.  While he appears to have raised similar grievances before the state court, for example, the Private Defendants' allegedly unfair treatment of him, the state court did not reach a determination on the merits of those issues.  Dkts. 18-1 and 18-2.  Instead, the state court

found that MQAC did not violate the APA or his procedural due process rights.  Neither finding precludes his CPA or § 1981 claims.

Therefore, collateral estoppel bars Plaintiff's APA claim, which should be dismissed with prejudice, but it does not bar either his CPA or his § 1981 claims.

**F.   IMMUNITY BARS CPA BUT NOT § 1981 CLAIM**

As for Plaintiff's two remaining claims, Private Defendants argue both should be dismissed because they are immune.  While Private Defendants are immune from Plaintiff's CPA claim, they are not immune from his § 1981 claim.

Private Defendants argue that 42 U.S.C. § 11111(a)(1)(D), RCW 18.130.070(3) and RCW 4.24.250 provide them blanket immunity.  Section 11111(a)(1)(D) gives immunity from liability for damages from any federal or state law "to any person who participates with or assists [a professional review body] with respect to the action."  It does not, however, apply to actions "relating to the civil rights of any person or persons . . . including 42 U.S.C. 1981, *et seq.*"  Therefore, it can immunize Private Defendants from Plaintiff's CPA claim but not his § 1981 claim.

Similarly, RCW 18.130.070(3) provides immunity "from civil liability, whether direct or derivative, for providing information to the disciplinary authority," and RCW 4.24.250 provides immunity for any health care provider who, "in good faith, files charges or presents evidence against another member of their profession based on the claimed incompetency or gross misconduct of such person . . . ."  These statutes can also provide immunity from Plaintiff's CPA claim, but not his § 1981 claim because that claim arises out of federal, not state law. *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).

Plaintiff's CPA claim is vague.  He only references it in conjunction with other causes of action and does not specifically address why it should not be dismissed in his opposition to

ORDER GRANTING PRIVATE DEFENDANTS' MOTION TO DISMISS - 12

Private Defendants' motion to dismiss. Nevertheless, Plaintiff makes clear in his opposition motion that he believes Private Defendants "weaponized MQAC and its complaint process to once again retaliate against and chill my speech and expression." Dkt. 27 at 8. Section 11111(a)(1)(D), however, gives Private Defendants immunity for claims arising out of their participation in that action because it derives from their participation in his professional review action. The closest Plaintiff comes to responding to Private Defendants' immunity argument as applied to his CPA claim is to argue that RCW 4.24.250 only provides protection for reports made "in good faith." Dkt. 27 at 19–20. Section 11111(a)(1)(D), however, does not include that qualification and does not depend on finding good faith on behalf of the Defendants.

Therefore, Plaintiff's CPA claim should be dismissed because Private Defendants are immune under 42 U.S.C. § 11111(a)(1)(D).

### G. PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1981

As established above, none of Private Defendants' arguments for complete protection from suit apply to Plaintiff's claim under 42 U.S.C. § 1981. Plaintiff's § 1981 claim should nonetheless be dismissed because he fails to state a plausible claim for relief.

To state a hostile work environment claim under § 1981, a plaintiff must plausibly allege that defendants (1) subjected the plaintiff to verbal or physical conduct because of race, (2) "the conduct was unwelcome," and (3) "the conduct was sufficiently severe or pervasive to alter the [plaintiff's] conditions of employment and create an abusive work environment." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 298 (9th Cir. 2003). Examples of discriminatory conduct could include race-based comments or discriminatory conduct directed at an individual other than the plaintiff, and, while allegations need not be accepted as true, they must give a defendant "fair notice of [the] claim and the grounds upon which it rests." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.2d 1116, 1123 (9th Cir. 2008).

As a reminder, "Private Defendants" are Kimberly Moore, M.D., Mark Adams, M.D., Ann Clark, and Ketul Patel. The specific allegations against them are that Defendant Moore accepted transfer of Patient C despite informing her that he would not be able to treat Patient C, and that she and Defendant Adams participated in the MQAC action against him. Similarly, he claims that Defendants Clark and Moore reported him for "a potential EMTALA violation." Dkt. 1 at 15. Plaintiff does not include any specific allegations against Defendant Patel. Plaintiff more generally alleges that Private Defendants failed to heed his warnings about abuse of GHS' staffing privileges requirement and conspired to discriminated against him because of his race.

Plaintiff's allegations do not give Private Defendants notice of how their conduct was plausibly based on race. He does not claim that Private Defendants treated other non-minority doctors differently under similar circumstances or that they used racially charged language that could suggest race-based motivation. Plaintiff's conclusory allegation that race motivated Private Defendants' conduct does not give them a meaningful opportunity to respond or raise Plaintiff's right to relief above the speculative level.

Therefore, Plaintiff's § 1981 claim should be dismissed. It is not, however, absolutely clear that these deficiencies could not be cured by amendment, so dismissal should be without prejudice.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Private Defendants' Motion to Dismiss **IS GRANTED**;
- Plaintiff's claim against the Private Defendants pursuant to 42 U.S.C. § 1981 is dismissed **without** prejudice;
- All other claims against the Private Defendants are dismissed **with** prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of November, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge