UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNG DANG, M.D., <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY MOORE, M.D., *et al.*, <br><br> Defendants. | CASE NO. 3:21-cv-05544-RJB <br><br> ORDER GRANTING MOTION TO DISMISS OF DEFENDANT FRANCISCAN HEALTH SYSTEM |

This matter comes before the Court on the Motion to Dismiss of Defendant Franciscan Health System ("FHS") (Dkt. 20), Defendant FHS' Request for Judicial Notice (Dkt. 21), and Plaintiff's Motion to Strike (Dkt. 41). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. For the reasons set forth in this order, Plaintiff's Motion to Strike should be denied, and FHS' Request for Judicial Notice and Motion to Dismiss should be granted.

## I.  FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND

Plaintiff brings this lawsuit against twelve defendants and alleges seven causes of action. Dkt. 1.  The pending motion to dismiss was filed by Defendant Franciscan Health Systems ("FHS").  Dkt. 20. The Court previously granted a motion to dismiss brought by four defendants, referred to collectively as "Private Defendants," all of whom were FHS employees.  Dkt. 42.

In response to the pending motion to dismiss, Plaintiff makes clear that he bases his claims against FHS on a theory of "vicarious" or "respondeat superior" liability, meaning that FHS should be liable for the acts of its employees acting within the scope of their employment. Dkt. 34.

Plaintiff's allegations against Private Defendants are detailed in the order granting their motion to dismiss, but he essentially alleges that they racially discriminated against and harassed him, both individually and as part of a conspiracy with state actors, and caused his constructive discharge.  Dkt. 42.  In that order, the Court dismissed Plaintiff's claims pursuant to 42 U.S.C. § 1982 and § 1985(3) and his Washington State constitutional and Washington Law Against Discrimination ("WLAD") claims with prejudice because they are time-barred; his Administrative Procedures Act ("APA") claim with prejudice because it is barred by the doctrine of collateral estoppel (issue preclusion); his Consumer Protection Act ("CPA") claim with prejudice because Private Defendants are immune; and his 42 U.S.C. § 1981 claim without prejudice because he did not allege sufficient facts to plausibly state a claim for relief.  Dkt. 42.

This order will first consider FHS' Request for Judicial Notice, then Plaintiff's Motion to Strike, and finally FHS' Motion to Dismiss.

## II. DISCUSSION

**A. FHS' REQUEST FOR JUDICIAL NOTICE**

FHS requests that the Court take judicial notice of the following nine documents:

1. *Dang v. Jud. Rev. Agency Action of Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, Petition for Judicial Review, Case No. 17-2-28129-8 KNT (filed October 30, 2017).
2. *Dang v. Jud. Rev. Agency Action of Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, 9 Wash. App. 2d 1101 (Wash. Ct. App. Aug. 19, 2019).
3. *Dang v. Wash. State Dep't of Health, Med. Quality Assurance Comm'n*, 195 Wash. 2d 1004 (S. Ct. Wash. 2020) (denying review).
4. *Dang v. Wash. State Dep't Health, Med. Quality Assurance Comm'n*, Case No. 78910-4-I, Supreme Court Mandate (issued March 20, 2020).
5. *Dang v. Floyd Pflueger & Ringer, P.S., et al.*, Complaint for Legal Malpractice, Case No. 20-2-17048-8 SEA (filed November 23, 2020).
6. *Dang v. Floyd Pflueger & Ringer, P.S.*, et al., Defendants' Motion for Summary Judgment, Case No. 20-2-17048-8 SEA (filed May 4, 2021).
7. *Dang v. Floyd Pflueger & Ringer, P.S., et al.*, Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Case No. 20-2-17048-8 SEA (filed May 24, 2021).
8. *Dang v. Floyd Pflueger & Ringer, P.S., et al.*, Defendants' Reply Memorandum in Support of Defendants' Motion for Summary Judgment, Case No. 20-2- 17048-8 SEA (filed May 27, 2021).
9. *Dang v. Floyd Pflueger & Ringer, P.S., et al.*, Order Granting Defendants' Motion for Summary Judgment, Case No. 20-2-17048-8 SEA (filed June 7, 2021).

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b).

Plaintiff agrees that these documents are all from sources whose accuracy cannot reasonably be questioned, but he argues that judicial notice of documents 5 – 9 is inappropriate because they relate to matters outside the Complaint. Dkt. 28.

A court may not consider documents "outside" the complaint when deciding a motion to dismiss, *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)), but it "may take judicial

notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Documents 5 – 9 are all court filings and, therefore, matters of public record. As matters of public record, they are appropriate for judicial notice despite not being referenced in the Complaint.

### B.  PLAINTIFF'S MOTION TO STRIKE

In surreply, Plaintiff moves to strike portions of FHS' Motion to Dismiss on the grounds that FHS improperly raised several arguments for the first time in reply. Dkt. 41.

Courts in the Ninth Circuit do not generally consider arguments raised for the first time in a reply brief. *Nw. Univ. v. King Cnty.*, Case No. 2:20-cv-01043-JLR-JRC, 2021 WL 326975, at *2 (W.D. Wash. 2021). "The court adheres to this rule because arguments raised for the first time in reply deprive the opposing party of its chance to respond." *Id.* (internal quotation omitted).

The arguments FHS raises in reply relate to the arguments originally raised in the motion to dismiss and matters Plaintiff raised in his response. Plaintiff was not, therefore, deprived of the chance to weigh in on these issues. Therefore, Plaintiff's motion to strike should be denied.

### C.  STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted, and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). This rule is especially true for dismissal of a claim brought by a *pro se* plaintiff, and "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

### D. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BASED ON VICARIOUS LIABILITY

To succeed on a claim based on vicarious liability, a plaintiff must be able to demonstrate an actionable underlying claim against an employee or agent. *Baker v. Tevault*, Case No. 20-01960-PHX-JAT, 2021 WL 1171492, at *7 (D. Ariz. 2021); *Spencer v. City of Spokane*, Case No. 2:19-cv-100-RMP, 2019 WL 6118265, at *12 (E.D. Wash. 2019). Plaintiff cannot do that because the Court previously dismissed all claims against FHS employees. Dkt. 42.

The Court dismissed Plaintiff's claims made pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and his Washington State constitutional, WLAD, APA, and CPA claims with prejudice. *Id.* These claims should also be dismissed against FHS with prejudice because Plaintiff cannot possibly maintain an actionable underlying claim.

Furthermore, a § 1983 claim cannot be based on a respondeat superior theory of liability. *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978). Plaintiff argues that his claim against Ketul Patel, the FHS Chief Executive Officer and one of the Private Defendants the Court previously dismissed, circumvents this rule because Patel "acted in his individual capacity" on behalf of FHS. Dkt. 34 at 6. An individual capacity claim is not, however, a claim for which an employer can be liable. It is instead a claim against an employee for the employee's own actions. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Plaintiff's § 1983 claim should also be dismissed with prejudice for this reason.

Only Plaintiff's § 1981 claim against Private Defendants was dismissed without prejudice. Dkt. 42. His § 1981 claim against FHS, which he bases on a theory of vicarious liability, should also be dismissed without prejudice because he could possibly maintain a claim against FHS if he makes a § 1981 claim against its employees.

### E. STATUTES OF LIMITATION BAR § 1983, § 1985(3), WASHINGTON STATE CONSTITUTIONAL, AND WLAD CLAIMS

To the extent that Plaintiff's § 1983, § 1985(3), Washington State constitutional, and WLAD claims are not premised on vicarious liability, they should be dismissed because they are time-barred for the same reasons that they were time-barred against Private Defendants. *See* Dkt. 42 at 8.

### F. CONCLUSORY ALLEGATIONS DO NOT PLAUSIBLY STATE A CLAIM

Plaintiff makes a variety of other arguments as to why his claims should not be dismissed. Dkt. 34. For example, he alleges in a conclusory manner that FHS had an "official policy or custom" of racial discrimination and that FHS' motion to dismiss must be denied because it is impossible to determine if such a policy or custom exists at the pleading stage. Dkt. 34 at 10. These arguments are moot because Plaintiff's claims should be dismissed for the

reasons already stated in this order. Therefore, the Court will not discuss them except to reiterate that conclusory allegations do not plausibly state a claim for relief.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Franciscan Health System's Motion to Dismiss **IS GRANTED**;
- Plaintiff's 42 U.S.C. § 1981 claim against Franciscan Health System is dismissed without prejudice;
- All other claims against this defendant are dismissed with prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of November, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge