UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNG DANG, M.D., <br><br>                    Plaintiff, <br>       v. <br><br> KIMBERLY MOORE, M.D., *et al.*, <br><br>                    Defendants. | CASE NO. 3:21-cv-05544-RJB <br><br> ORDER DENYING PLAINTIFF'S MOTION TO STRIKE |

This matter comes before the Court on Plaintiff Hung Dang's Motion to Strike (Dkt. 48). Plaintiff brings the pending motion to strike various defenses filed by Defendants Mark Johnson, William Bruegemann, Rick J. Glein, Roman S. Dixon, Jr., Debra L. Defreyn, Christina Pfluger, and Tim Slavin (collectively "State Defendants) in their joint answer to Plaintiffs' complaint.

In the pending motion, Plaintiff moves to strike sixteen of State Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE - 1

and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see Kohler v. Flava Enter., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

Plaintiff clearly disputes numerous defenses raised by State Defendants and emphasizes that it is in the parties' best interest "to avoid the expenditure of time and money . . . by dispensing with those issues prior to trial." Dkt. 54 at 8. State Defendants' Answer, however, gives Plaintiff clear notice of their intended defenses. *See* Dkt. 37. Plaintiff shows no viable basis to now strike the defenses. Also, resolving the Parties' dispute about defenses now would not be in the interest of efficiency because it is still so early in the case. These issues may be resolved in either a motion to dismiss or motion for summary judgment, should the parties bring such motions, or at a date closer to trial, should it be necessary.

Therefore, Plaintiff's Motion to Strike (Dkt. 48) **IS DENIED, without prejudice**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of December, 2021.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge