UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNG DANG, M.D., <br><br> Plaintiff, <br> v. <br><br> KIMBERLY MOORE, M.D., *et al.*, <br><br> Defendants. | CASE NO. 3:21-cv-05544-RJB <br><br> ORDER DENYING PRIVATE DEFENDANTS' MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Private Defendants' Motion for Award of Attorney Fees. Dkt. 64. The Court has considered the pleadings filed in support of and opposition to the pending motion and the remaining file. For the reasons set forth in this Order, Private Defendants' motion should be denied.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, filed this lawsuit against a dozen private and state defendants alleging seven causes of action. All arise out of his time working as an otolaryngologist (ear, nose, and throat doctor) with Franciscan Health System (FHS). Dkt. 1. Private Defendants,

ORDER DENYING PRIVATE DEFENDANTS' MOTION FOR ATTORNEY FEES - 1

those bringing the pending motion, are Doctors Kimberly Moore and Mark Adams, hospital administrators who worked with Plaintiff at FHS, Ann Clark, the hospital Risk Manager, Ketul Patel, FHS CEO, and FHS. *Id.*

In 2016, Plaintiff was the subject of an administrative disciplinary proceeding by the Washington State Medical Quality Assurance Commission (MQAC) for charges related to his refusal to treat patients referred to the hospital where he was on call. *Id.* at 28. In September 2017, the MQAC concluded that Plaintiff had, among other things, created an unreasonable risk of harm to "Patient B," violated the Emergency Medical Treatment & Labor Act (EMTLA) with regard to "Patient C," and acted with "moral turpitude" by refusing the aid and consult with fellow physicians. *Id.* at 31–32. The MQAC ordered that his medical license be subject to 2 year of oversight, he be monitored for good behavior, pay a $5,000 fine, take an ethics course, and write a research paper. *Id.* at 32. Plaintiff heavily disputes the MQAC's findings and conclusions, and he has raised his objections in appeal to the Washington State court and in multiple related legal actions. *See* Dkt. 64 at 5–6.

In the pending lawsuit, Plaintiff's causes of action include civil rights claims pursuant to 42 U.S.C. § 1983 and § 1981 and the Washington State Consumer Protection Act (CPA). Dkt. 1 at 38–44. The Court found that Plaintiff failed to state a claim for any cause of action raised against Private Defendants, and eventually dismissed all with prejudice. Dkts. 42, 43, 49, 63. Though the facts and issues raised in his previous lawsuits relate to those raised in this lawsuit, Plaintiff did not previously litigate a § 1983, § 1981, or a CPA claim. *See* Dkt. 42.

In the pending motion, Private Defendants argue that Plaintiff's Complaint was frivolous and move to recover $136,176.00 in attorneys' fees.

ORDER DENYING PRIVATE DEFENDANTS' MOTION FOR ATTORNEY FEES - 2

## II. DISCUSSION

The Court has numerous sources of authority from which to award attorneys' fees and costs if it finds that Plaintiff's Complaint was frivolous. 42 U.S.C. § 1988(b) gives discretion to award reasonable fees to the prevailing party for § 1983 and § 1981 claims, though the Court may only award them to a prevailing defendant upon finding that the plaintiff's action is "unreasonable, frivolous, meritless or vexatious." *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (citations omitted). 28 U.S.C. § 1927 permits sanctions for unreasonable and vexatious filings. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (finding that § 1927 applies to *pro se* plaintiffs). The Court may also issue "an appropriate sanction" for frivolous and unreasonable filings under Federal Rule of Civil Procedure Rule 11(c).

While Private Defendants are the prevailing party and most of Plaintiff's claims were of marginal reasonableness and foundation, his filings are not so exceptional as to warrant a finding of frivolousness or vexatiousness and an award of attorneys' fees or sanctions. Plaintiff is intelligent, well-educated, and has extensively litigated the issues surrounding his employment dispute and subsequent MQAC administrative proceeding at the heart of this matter. He appealed the MQAC's decision through the Washington State court system, which upheld the MQAC decision, filed a complaint with the EEOC, and sued the lawyer who represented him in the MQAC action in state court. *See* Dkt. 64 at 5. Furthermore, he resigned from his position in 2017, about four-years before filing his Complaint, and most of facts at issue in this matter are from 2017 or earlier. *See* Dkt. 1. Nonetheless, the issues of law raised in this lawsuit are predominantly distinct from those he raised previously, and a plaintiff's right to seek relief through the court system must be given the utmost respect. Therefore, Private Defendants' Motion for Attorney Fees **IS DENIED.**

ORDER DENYING PRIVATE DEFENDANTS' MOTION FOR ATTORNEY FEES - 3

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of April, 2022.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge