UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNG DANG, M.D., <br><br>               Plaintiff, <br>  v. <br><br>MARK JOHNSON; WILLIAM M BRUEGGEMANN; RICK J GLEIN; ROMAN S. DIXON, JR.; DEBRA L DEFREYN; CHRISTINA PFLUGER; TIMOTHY H. SLAVIN, <br><br>               Defendants. | CASE NO. 3:21-cv-05544-RJB <br><br>ORDER ON MOTION FOR PROTECTIVE ORDER |

      This matter comes before the Court on Defendants Mark Johnson, William M. Brueggemann, Rick J. Glein, Roman S. Dixon, Jr., Debra L. Defreyn, Christina Pfluger, and Timothy H. Slavin's ("State Defendants") Motion for Protective Order Limiting Number of Requests for Admission. Dkt. 82. The Court has considered the pleadings filed regarding the motion and the remaining file.

      This lawsuit arises out an employment dispute between Plaintiff Dang, who is acting *pro se,* and doctors and administrators at a hospital in the Franciscan Health Services system

ORDER ON MOTION FOR PROTECTIVE ORDER - 1

1  (collectively "Franciscan") and administrative proceedings before the Washington State Medical
2  Quality Assurance Commission ("Medical Commission" or "Commission").  Dkt. 1.  His claims
3  against Franciscan have been dismissed with prejudice.  Dkt. 42.  The State Defendants now
4  move for an order protecting them from having to respond to the Plaintiff's third set of Requests
5  for Admission.  Dkt. 82.  For the reasons provided below, the motion (Dkt. 82) should be
6  granted.

7           I.     **PROCEDRUAL HISTORY AND FACTS**

8     On August 25, 2022, the Plaintiff moved for an order "prohibiting the MQAC Defendants
9  from enforcing the Final Orders Against Plaintiff because (1) the period of oversight expired on
10 May 26, 2019 as ordered by the King County Superior Court and (2) MQAC disciplinary action
11 against Plaintiff is unconstitutional for continuing to violate Plaintiff's First, Fourth, and
12 Fourteenth Amendment rights."  Dkt. 72.  The Plaintiff did not clearly identify which Defendants
13 were the "MQAC Defendants."  On September 19, 2022, the Plaintiff's motion for preliminary
14 injunction was denied.  Dkt. 77.

15    The Plaintiff filed a Notice of Appeal regarding the order denying his motion for
16 preliminary injunction on October 19, 2022.  Dkt. 78.  That same day, this Court entered an order
17 finding that Plaintiff's Notice of Appeal was defective in that it referred to a non-appealable
18 interlocutory order.  Dkt. 79.  The order noted that all claims against all parties had not been
19 decided.  *Id.*  The Court concluded that it retained jurisdiction in this case and that the case should
20 proceed in this court on the current schedule.  *Id*. On December 13, 2022, the Ninth Circuit Court
21 of Appeals issued an order denying Plaintiff's motion for an injunction "pending an appeal" and
22 denying his motion for a stay of district court proceedings during the appeal.  Dkt. 81.

23
24

|   |   |
|---|---|
| 1 | Discovery in the case has continued during the above motions, notices, and court orders. |
| 2 | On August 15, 2022, the State Defendants received the Plaintiff's first set of Requests for |
| 3 | Admission (numbered 1 - 100); the State sent objections and responses on September 12, 2022. |
| 4 | Dkt. 83 at 2.  On September 2, 2022, the Defendants State received the Plaintiff's second set of |
| 5 | Requests for Admission (numbered 101 - 156); the State sent objections and responses on |
| 6 | October 3, 2022.  *Id.*  On December 9, 2022, the Defendants State received the Plaintiff's third |
| 7 | set of Requests for Admission (numbered 157 - 483).  *Id.* |
| 8 | In the pending motion, the State Defendants move for an order protecting them from |
| 9 | having to respond to the Plaintiff's third set of Requests for Admission.  Dkt. 82.  They argue |
| 10 | that in these lengthy Requests for Admission are unduly burdensome.  *Id.*  Alternatively, if the |
| 11 | Court does not issue the protective order, the State Defendants move for an extension of time to |
| 12 | respond to the Plaintiff's third set of Requests for Admission to February 9, 2023.  *Id.* |
| 13 | The Plaintiff opposes issuance of the protective order.  Dkt. 84.  He argues that the Court |
| 14 | does not have jurisdiction to decide motions in the case while his appeal with the Ninth Circuit |
| 15 | Court of Appeals is pending.  *Id.*  The Plaintiff further points out that Fed. R. Civ. P. ("Rule") 36 |
| 16 | does not contain a limit on the number of requests for admission that can propounded and |
| 17 | maintains that the Defendants have not carried their burden to show good cause justifies issuance |
| 18 | of the protective order.  *Id.*  As to the alternative relief the State Defendants request, the Plaintiff |
| 19 | does not oppose extending the time the State Defendants have to respond.  *Id.* |
| 20 | On December 16, 2022, the Plaintiff and Defendants held a teleconference to try to |
| 21 | resolve the issues raised in the motion.  Dkt. 83 at 1.  They were unable to settle the issues and |
| 22 | this motion followed. |
| 23 | II.   **DISCUSSION** |
| 24 |   |

ORDER ON MOTION FOR PROTECTIVE ORDER - 3

### A. JURISDICTION

Generally, once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). "[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Gr*p., 916 F.2d 1405, 1412 (9th Cir. 1990).

The Plaintiff contends that his appeal of the order denying his motion for preliminary injunction was a permissible appeal pursuant to 28 U.S.C. § 1292(a)(1). Dkt. 84. He argues that this Court no longer has jurisdiction over this case. *Id.*

Section 1292(a)(1) provides that courts of appeal have jurisdiction of appeals from district court orders "granting, continuing, modifying, refusing or dissolving injunctions." The Court of Appeals' "jurisdiction under § 1292(a)(1) extends only to the matters inextricably bound up with the injunctive order from which the appeal is taken." *Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996).

This Court retains jurisdiction over those portions of this case that are "not bound up with" the issues on appeal. The Ninth Circuit Court of Appeals has already denied Plaintiff's motion to stay proceedings in this Court during the appeal. Dkt. 81. There are no issues on appeal that relate to the Plaintiff's third set of Requests for Admission. The Court has jurisdiction to determine this motion.

The October 19, 2022, which held that this Court retains jurisdiction in this case (Dkt. 79) should be clarified: this Court retains jurisdiction in this case over portions of the case that are not "inextricably bound up with the injunctive order from which the appeal is taken."

**B. DISCOVERY GENERALLY AND MOTION FOR PROTECTIVE ORDER**

Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).  "At the same time, discovery, like all matters of procedure, has ultimate and necessary boundaries.  Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)."  *Id.,* at 351-352.  In addition to the general discovery rule, this motion involves Rule 36 "Requests for Admission," and Rule 26(c) "Protective Orders."  Rule 36 provides, that

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

While Rule 36 does not limit the number of requests that can be made, "requests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome." Fed. R. Civ. P. 36 advisory committee note (1970 amendment).  Lastly, under Rule 26(c) "Protective Orders" the court "may, for good cause, issue

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .”

The State Defendants' motion for order protecting them from having to respond to the Plaintiff's third set of Requests for Admission (Dkt. 82) should be granted. The State Defendants have shown good cause exists to issue the order which would protect them from the undue burden and expense of having to respond to 300 more requests. They have already responded to 156 requests. The additional 300 are excessive. *Mitchell v. Yeutter*, 1993 WL 139218 (D. Kan. 1993)(finding 90 requests for admission excessive and limiting propounding party to 40 requests).

Requests for admission may be considered "unduly burdensome when they are excessive in number, complicated, or ambiguous." *Sparton Corp. v. United States*, 77 Fed. Cl. 10, 20 (2007). Several of the Plaintiff's requests are ambiguous and unclear. The State Defendants properly point out that the Plaintiff repeatedly conflates the individual State Defendants with the Medical Commission in his Requests for Admission. Moreover, some of the requests are purely issues of law and not about "facts or application of law to fact." Rule 36(a). For example, Request No. 330 asks the State Defendants to "Admit that RCW 34.05.470 governs the procedures for post-hearing Final Order." Dkt. 83-3 at 22. Several of the requests ask to confirm the law or quote from a statute. For example, Request No. 161 asks the State Defendants to "Admit that RCW 18.130.050 enumerates nineteen (19) authorized functions of the disciplining authority such as MQAC." Dkt. 83-3 at 4.

Further, there is no showing that the third set of over 300 more requests each seek relevant information. There is no showing that these requests are proportional to the needs of the case "considering the importance of the issues at stake in the action, the amount in controversy,

ORDER ON MOTION FOR PROTECTIVE ORDER - 6

the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues." Rule 26(b)(1). The burden and expense of the proposed discovery outweighs its likely benefit. This is a dispute connected to administrative proceedings before the state Medical Commission. It is not a complex matter and does not require extensive discovery.

The State Defendants should be protected from having to answer the Plaintiff's third set of Requests for Admission.

### III.  ORDER

It is **ORDERED** that,

- The State Defendants' Motion for Protective Order Limiting Number of Requests for Admission (Dkt. 82) **IS GRANTED;**
- The State Defendants do not need to respond to the Plaintiff's third set of Requests for Admission propounded on December 9, 2022.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of January, 2023.

ROBERT J. BRYAN
United States District Judge